Moss, Judge,
delivered the opinion of the court:
Plaintiffs, Bell & Company and Hollings-Smith Company, were affiliated corporations, and as such they were required to and did file jojnt consolidated income and profits tax returns for the years 1918 and 1919. They had a joint net income for the year 1918 of $74,766.78. The commissioner found that plaintiffs were entitled to a special assessment under section 328 of the revenue act of 1918, 40 Stat. 1093, which provides in substance that in cases of abnormality with reference to invested capital, or where the commissioner is unable to ascertain the invested capital, the taxpayer should be required to pay only that sum as profits tax as would be the same percentage of its net income as the average profits tax paid by fairly comparable concerns.
For the year 1919 plaintiff’s return showed a net loss of $35,933.62. Section 204 of the act of 1918, 40 Stat. 1060, in so far as applicable, is as follows:
“If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has .sustained a net loss, the amount of such net loss shall, under regulations prescribed by the commissioner with the approval of the Secretary, be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the *292 taxpayer upon the basis of such redetermination shall be credited or. refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall, under regulations prescribed by the commissioner with the approval of the Secretary, be allowed as a deduction in computing the net income for the succeeding taxable year.”
In pursuance of the plain directions of this statute the commissioner deducted from plaintiffs’ net income for 1918 the net loss for 1919, and “ redetermined ” the tax, applying the proper tax rate as determined by the commissioner under the special assessment provision to the newly ascertained net income. (See Finding VI.)
Plaintiffs contend that Congress intended to provide by sections 204 and 328 two separate and distinct methods of relief) and that the taxpayer can receive the benefit of both remedies only by a separate computation. Their contention can best be illustrated by setting forth in this connection the calculation incorporated in plaintiffs’ petition. It is as follows:
Net income for 1918-$74, 766. 78
Profits tax under section 302- 48, 913.42
Comparative companies paid 40.95% of tfieir net income in profits tax. 40.95% of $74,766.78 would be_ 30, 617.00
A reduction in profits tax under section 328 alone of_ 18, 296. 42
Plaintiffs suffered a net loss in 1919 of $35,933.62. Deducting this from 1918 net income leaves_ 38, 833.16
Profits tax redetermined on this sum under section 301_ 20,166. 53
A reduction in profits tax under section 204 alone of_ 28, 746. 89
Adding reductions due to both sections together makes_ 47, 043.21
Deduct total reduction from profits tax under section 302_ 1, 870.11
INCOME TAX
Deducting the correct profits tax of $1,870.11 from that exacted by the commissioner of $15,902.76 leaves additional sum subject to 12% corporation tax of_ 14, 032. 65
Income tax at 12% thereon is_ 1, 683. 92
Deducting additional income tax due from overpayment of profits tax leaves net overpayment of total tax by plaintiffs_ 12,348. 73
Plaintiffs’ theory is manifestly incorrect. Sections 32.7 and 328 operated only to reduce the rate of profits tax to the average rate paid by fairly comparable concerns. This *293 rate, once determined by the commissioner, is to be applied to plaintiffs’ net income, whatever that net income is finally determined to be. “ Net income ” is, in effect, the gross income less certain authorized deductions. A proven net loss for the year 1918 is an authorized deduction from the net income for 1918. We are of the opinion that the commissioner correctly computed plaintiffs’ tax liability. The petition will be dismissed and it is so ordered and adjudged.
SiNNOtt, Judge; GreeN, Judge; Graham, Judge; and Booth, OMef Justice, concur.